1  ROBERT E. DAVIES, ESQ. / SBN 106810
    E-Mail: rdavies@donahuedavies.com
2  MARY A. STEWART, ESQ. / SBN 106758
    E-Mail: mstewart@donahuedavies.com
3  GREGORY A. NELSON, ESQ. / SBN 274926
    E-Mail: gnelson@donahuedavies.com
4  DONAHUE • DAVIES LLP
   P.O. BOX 277010
5  Sacramento, CA  95827
   Telephone: (916) 817-2900
6  Facsimile:  (916) 817-2644

7  STEVEN E. GARLOCK, ESQ. / Pro Hac Vice
    E-Mail: sgarlock@thompsoncoburn.com
8  THOMPSON COBURN LLP
   One US Bank Plaza
9  St. Louis, Missouri 63101
   Telephone: (314) 552-6000
10 Facsimile: (314) 552-7000

11 Attorneys for Defendant,
   HUNTER ENGINEERING COMPANY

*E-FILED: January 24, 2013*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

-o0o-

| | |
|---|---|
| TYRONE CAMPBELL and KIM CAMPBELL,<br><br>Plaintiffs,<br><br>v.<br><br>HUNTER ENGINEERING COMPANY, and DOES 1 to 40,<br><br>Defendants. | Case No. CV12-03777<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>(MODIFIED BY THE COURT) |

The parties to the above-entitled action hereby stipulate by and through their counsel of record to the Court's entry of the following Protective Order applicable to documents and information produced or disclosed in this case.

## PROCEDURES AND DEFINITIONS

### 1. CONFIDENTIAL INFORMATION

The parties or a third-party discovery respondent may designate as "Confidential," by stamping or other appropriate means, any document produced in accordance with the federal discovery rules or by agreement, including, without limitation, interrogatory answers, responses to requests for production, deposition transcripts and exhibits, pleadings, motions, briefs, affidavits, and declarations (collectively, "Documents") containing sensitive proprietary information ("Confidential Information"). However, to the extent feasible, the above listed documents shall be prepared in such a manner that the confidential information is bound separately from the information not entitled to protection.

### 2. ACCESS TO CONFIDENTIAL INFORMATION

Confidential Information so designated, and information derived therefrom, shall not be disclosed to or used by anyone except the persons specified below, and by these persons solely for purposes of this litigation. For the purpose of this paragraph, the term "this litigation" includes dealings between a producing party and an insurer or other third-party having an actual or potential obligation to indemnify or defend the producing party.

   a. The parties to this litigation, namely Hunter Engineering Company, Inc. and Tyrone and Kim Campbell (collectively "the Parties");

   b. Counsel for the Parties and their employees involved in the conduct of this litigation;

   c. Experts and consultants retained by any of the Parties who have a need for such information to assist in this litigation;

   d. During deposition or trial, to any deposition or trial witness where necessary to the testimony of such witness;

   e. The Court, jury, court personnel, court reporters, and similar personnel; or

   f. Any other person with the prior written consent of the designating party.

### 3. DEPOSITION TESTIMONY

An entire deposition transcript (including exhibits) may be designated as Confidential Material (i) by making a statement to that effect on the record, during the deposition, or (ii)

by sending notification to that effect, by electronic mail, within ten (10) days of receiving the deposition transcript from the court reporter. When a deposition is designated confidential during a deposition, the deposition shall continue, and if any persons not approved for access to Confidential Material under this Protective Order are attending the deposition, they shall leave. In order to retain the confidential designation made pursuant to this paragraph, the Designating Party must, within ten (10) days following receipt of a copy of the final deposition transcript, send to all other parties, the court reporter for the deposition, and all other persons known to the Designating Party to have received a copy of the deposition transcript, a letter or other written notice via electronic mail, designating the relevant portions of the transcript as "CONFIDENTIAL" (the "Ten Day Notice"). The Ten Day Notice shall identify the pages and lines, and/or exhibits, to be designated as Confidential Material. During the time between the deposition and the time when the Designating Party serves the Ten Day Notice, all parties or other persons known to the Designating Party to have received a copy of the deposition transcript shall treat such information as "CONFIDENTIAL." Each copy of the transcript, and portions thereof, so designated shall be marked, by the person receiving the letter or other notice, with the legend "CONFIDENTIAL" and shall be governed by the terms of this Protective Order. If the Designating Party fails to file the Ten Day Notice, the deposition and any exhibits will be de-designated. The Designating Party may designate portions of a deposition transcript (including exhibits) as Confidential Information by making a statement to that effect on the record, during the deposition, and identifying the appropriate level of confidentiality, and identifying the beginning and ending of the confidential portion and/or exhibits, to be Confidential Information. If a portion of a deposition transcript and/or exhibits is designated to be Confidential Information under this subparagraph, no further action by the Designating Party is necessary to retain the confidential designation. A party may challenge the Designating Party's designation pursuant to paragraph 5 below.

//

### CONSENT TO BE BOUND

**4.   NOTICE OF ORDER**

Prior to receiving, being shown, or using Confidential Information, persons falling in the categories listed in paragraph 2, other than paragraph 2(a), (b), and (e), must be shown a copy of this protective Order, and must agree in writing or orally on the record during deposition or trial, to be bound by its terms. In addition, experts, consultants and their assistants must sign the undertaking attached hereto as Exhibit A.

### CHALLENGE TO DESIGNATIONS

**5.   NOTIFICATION AND CHALLENGE**

If any of the Parties challenges the confidentiality designation of any Confidential Information, the party challenging the confidentiality designation may seek appropriate relief from the Court upon notice of at least five (5) calendar days to all interested parties. The party claiming confidentiality will have the burden of proving that the challenged confidentiality designation is appropriate in the circumstances. All interested parties will make best efforts to resolve such disagreements as to confidentiality before submitting them to the Court. The parties acknowledge that sanctions may be awarded in connection with any such motions. **In the event of any discovery or disclosure dispute, the parties and any affected non-parties shall comply with the undersigned's Standing Order re Civil Discovery Disputes.**

**6.   EFFECT ON RESTRICTIONS**

If ~~a motion challenging a confidentiality designation is filed~~ the parties submit a Discovery Dispute Joint Report, the provisions of this Protective Order will apply to the Confidential Only Information until the ~~motion~~ matter is decided.

### OTHER PROVISIONS

**7.   FILING UNDER SEAL**

~~All documents filed with the Court that contain Confidential Information must be filed under seal and shall bear a legend referring to this Stipulated Protective Order and indicating that the information may not be accessed by anyone other than necessary Court personnel without order of the Court or written stipulation of the parties. To the extent possible, documents to be filed with the court containing Confidential Information, shall be~~ A party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5 and General Order 62. Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential

STIPULATED PROTECTIVE ORDER

4

Information at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Confidential Information at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. ~~prepared and filed in such a manner that the confidential information is bound separately from the information not entitled to protection, and only the designated information shall be under seal.~~

Any document filed under seal with the Court subject to this Order will be returned to the filing party within one hundred and twenty (120) days after ~~a~~ the entry of a final order of this Court upon written request by the filing party and/or its counsel of record. Thereafter, the seal will be lifted as to any documents filed under seal and not requested by the filing party or its counsel of record.

### 8. THIRD PARTY DEPOSITION TESTIMONY/PRODUCTION OF DOCUMENTS

Any third-party providing deposition testimony or producing documents or things for use in this action may designate such information, documents or things as Confidential Information and avail itself of all provisions of this Stipulated Protective Order to the same extent as a party to this action.

### 9. RETURN OF DOCUMENTS

Upon completion of the litigation, and if requested by the producing party, the original and all copies of Documents containing Confidential Information must either be returned to counsel for the producing party or be destroyed. The non-producing Parties must provide to counsel for the producing party a certificate reflecting such disposition. The Parties and their counsel will not be required to return any Document that was admitted into evidence at trial, filed with the court, or that contains privileged communications or attorney work product.

### 10. SCOPE OF PROTECTIVE ORDER

Nothing in this Protective Order restricts any of the Parties from using or disclosing its own Confidential Information for any purpose. This Protective Order also does not apply to information that was lawfully in the possession of a third-party or in the public domain before the date of entry of this Protective Order. Documents unintentionally produced without designation as being Confidential may be retroactively designated in the same

1 | manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

### 11. RETENTION OF JURISDICTION

~~The Parties and any other person subject to the terms of this Protective Order agree that this Court has and retains jurisdiction during and after this action is terminated for the purpose of enforcing this Order.~~ For a period of six months after final disposition of this litigation, this court will retain jurisdiction to enforce the terms of this order.

### 12. APPLICATION TO COURT

This Protective Order is without prejudice to the right of any interested party to apply to the Court for an order permitting the disclosure of any Confidential Information or to apply for an order modifying or limiting this Protective Order in any respect.

**IT IS SO STIPULATED.**

Dated: January 10, 2013.

**DONAHUE • DAVIES LLP**

By: _____
Robert E. Davies, Esq.
Mary A. Stewart, Esq.
Gregory A. Nelson, Esq.
Attorneys for Defendant,
HUNTER ENGINEERING COMPANY

Dated: January 10, 2013.

**BOSTWICK & JANOFF**

By: _____
Jeffrey D. Janoff, Esq.,
Attorneys for Plaintiffs,
TYRONE CAMPBELL and
KIM CAMPBELL

**AS MODIFIED BY THE COURT**
**APPROVED AND SO ORDERED.**

Dated: January 24 2013.

By: _____
Jared D. Renfro, Esq.
Zurich

_____
United States ~~District Judge~~
Magistrate Judge