UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY, <br><br> Intervenor, <br><br> v. <br><br> HUNTER ENGINEERING COMPANY, and DOES 1 through 40, <br><br> Defendant. | Case No.:12-CV-03777-LHK <br><br> ORDER RE: COMPLAINT IN INTERVENTION |
| TYRONE CAMPBELL and KIM CAMPBELL, <br><br> Plaintiffs, <br> v. <br><br> HUNTER ENGINEERNIG COMPANY, and DOES 1 through 40, <br><br> Defendants. | |

On June 12, 2012, Plaintiffs Tyrone Campbell and Kim Campbell filed a Complaint in the Superior Court of California, County of Santa Clara against Defendants Hunter Engineering Company and Does 1 through 40, seeking damages for personal injuries involving an alleged incident on July 18, 2011, 112-CV-226352. *See* ECF No. 1, Notice of Removal from Superior Court, County of Santa Clara ("Notice of Removal"), Ex. A. Specifically, Plaintiffs allege that Plaintiff Tyrone Campbell was injured by a swing-air jack manufactured by Defendant Hunter Engineering. *Id.* On July 18, 2012, Defendant Hunter Engineering Company filed a Notice of

Case No.: 12-CV-03777-LHK
ORDER RE: COMPLAINT IN INTERVENTION

Removal of Action under 28 U.S.C. § 1441(b), initiating the instant action. *See* Notice of Removal.

On March 21, 2013, Proposed Intervenor Zurich American Insurance Company ("Zurich American") filed a "Complaint in Intervention FRCP Rule 25," in the instant action. ECF No. 26. The Complaint alleges that Zurich American provided workers' compensation coverage for Plaintiff Tyrone Campbell at the time of the incident, and that it has had to expend substantial sums for disability indemnity and medical benefits paid to Plaintiff, and will be required to expend further sums in the future for workers' compensation disability indemnity, medical expenses, and other benefits under the workers' compensation laws of the State of California. *Id.* ¶¶ 5, 17. Zurich American alleges that it is "entitled to intervene in this action, pursuant to the provisions of [t]he Federal Rules of Civil Procedure, Rule 24(a)(2) and Rule 24(b)(1)(B)." *Id.* ¶ 18.

In the same document, Zurich American included a "[Proposed] Order Granting Leave to File Complaint in Intervention FRCP Rule 24." *Id.* p. 7. The proposed order states, "Upon reading and considering the foregoing Application for Order Granting Leave to Intervene and the (Proposed) Complaint in Intevention attached thereto, for good cause appearing: IT IS HEREBY ORDERED that ENDURANCE REINSURANCE COPRORATION[1] is granted leave to intervene on this action, and to file aforesaid Complaint in Intervention." *Id.* However, Zurich has not filed an "Application for Order Granting Leave to Intervene," nor has it filed any other motion to intervene to comply with Rule 24's procedural requirements. *See* Fed. R. Civ. P. 24(c) ("Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.").

If Zurich American seeks to intervene in the instant action, it shall file an appropriate motion after obtaining an available hearing date pursuant to the San Jose Judges' Standing Order. Prior to filing such a motion, Zurich American must meet and confer with the parties to seek a stipulation to Zurich's intervention.

**IT IS SO ORDERED.**

---

[1] The relationship of Endurance Reinsurance Company to the instant action, if any, is not clear.

Case No.: 12-CV-03777-LHK
ORDER RE: COMPLAINT IN INTERVENTION

Dated: June 7, 2013

_____
LUCY H. KOH
United States District Judge

Case No.: 12-CV-03777-LHK
ORDER RE: COMPLAINT IN INTERVENTION